Of Counsel
Hyslip & Taylor LLC LPA
Art Matthews, Esq.
1801 Century Park East, 24th Floor
Los Angeles, CA  90067
Cal. Bar. No. 145232

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Starr Cullars,<br><br>    Plaintiff,<br><br>v.<br><br>The CCS Companies aka Credit Collection Service<br><br>    Defendant. | Case No.: **'14CV2999 JLS   DHB**<br><br>Judge:<br><br>**COMPLAINT FOR DAMAGES UNDER THE FAIR DEBT COLLECTION PRACTICES ACT, ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT, THE TELEPHONE CONSUMER PROTECTION ACT AND OTHER EQUITABLE RELIEF**<br><br>**JURY DEMAND ENDORSED HEREIN** |

## PARTIES

1. Plaintiff, Starr Cullars, is a natural person who resided in San Diego, California, at all times relevant to this action.

2. Defendant, The CCS Companies aka Credit Collection Services, ("CCS"), is a Delaware Corporation that maintained its principal place of business in Newton, Massachusetts, at all times relevant to this action.

Complaint - 1

## JURISDICTION AND VENUE

3. Pursuant to 28 U.S.C. §1331, this Court has federal question jurisdiction over this matter as it arises under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692 et seq. and the Telephone Consumer Protection Act, 47 U.S.C. § 227.

4. Pursuant to 28 U.S.C. §1367(a), the Court also has Supplemental Jurisdiction over Plaintiff's claims under the Rosenthal Fair Debt Collection Practices Act, California Civil Code § 1788 *et seq*, ("RFDCPA") because they share a common nucleus of operative fact with Plaintiff's claims under the FDCPA.

5. Pursuant to 28 U.S.C. §1391(b), venue is proper because a substantial part of the events giving rise to this claim occurred in this judicial district.

## STATEMENT OF FACTS

6. CCS utilizes an automated telephone dialing system. (ATDS)

7. CCS has an ATDS that is automated to maximize customer contact rates. See https://www.ccsusa.com/crm.html.

8. Before CCS began contacting Starr, it and Starr had no prior business relationship and Starr had never provided express consent to CCS to be contacted on her cellular telephone.

9. CCS regularly uses the telephone and mail to collect consumer debts that CCS either purchased or had been hired to collect.

10. The principal source of CCS's revenue is debt collection.

11. CCS is a "debt collector" as defined by 15 U.S.C. §1692a(6).

12. CCS is a "debt collector" as defined by the RFDCPA, California Civil Code §1788.2(c).

13. As described below, CCS contacted Starr about an obligation that Starr allegedly owed, which had been incurred for personal rather than commercial purposes.

14. This obligation is a "debt" as defined by 15 U.S.C. §1692a(5).

15. The alleged debt arose from a "consumer credit transaction" as defined by the RFDCPA, California Civil Code §1788.2(e).

16. As described below, CCS attempted to collect the debt from Starr, and in so doing, has alleged that Starr owed the debt.

17. Starr is a "consumer" as defined by 15 U.S.C. §1692a(3).

18. On several occasions, the dates of which will be discovered through discovery, CCS willingly and knowingly used an ATDS to call Starr on her cellular phone multiple times in violation of the TCPA.

19. Around June 2014, CCS contacted Starr on Starr's cellular phone in an attempt to collect a debt.

20. During this communication, Starr communicated her desire that CCS cease calling her.

21. Despite this request, CCS continued to call Starr on Starr's cellular phone.

22. On one occasion, CCS threatened to garnish Starr's wages if Starr did not pay the debt.

23. CCS has not garnished Starr's wages.

24. CCS never intended to garnish Starr's wages.

25. On more than one occasion, Starr communicated her desire that CCS cease further calls to Starr.

26. CCS caused emotional distress to Starr.

27. CCS attempted to collect a debt from Starr.

28. CCS violated the FDCPA and the TCPA.

## COUNT ONE

**Violation of the Fair Debt Collection Practices Act**

29. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

30. Defendant violated 15 U.S.C. §1692c(a)(1) by calling Plaintiff at a time or place known to be inconvenient for Plaintiff.

## COUNT TWO

**Violation of the Fair Debt Collection Practices Act**

31. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

32. Defendant violated 15 U.S.C. §1692d by engaging in conduct the natural consequence of which is to harass, oppress, or abuse Plaintiff in connection with the collection of the debt.

## COUNT THREE

**Violation of the Fair Debt Collection Practices Act**

33. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

34. Defendant violated 15 U.S.C. §1692e by using false, deceptive, or misleading representations or means in connection with the collection of the debt.

## COUNT FOUR

**Violation of the Fair Debt Collection Practices Act**

35. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

36. Defendant violated 15 U.S.C. §1692f by using unfair or unconscionable means to collect the debt.

## COUNT FIVE

**Violation of the Rosenthal Fair Debt Collection Practices Act**

37. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

38. Defendant violated California Civil Code §§ 1788.17 by violating 15 U.S.C. 1692c(a)(1).

## COUNT SIX

### Violation of the Rosenthal Fair Debt Collection Practices Act

39. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

40. Defendant violated California Civil Code §§ 1788.17 by violating 15 U.S.C. 1692d.

## COUNT SEVEN

### Violation of the Rosenthal Fair Debt Collection Practices Act

41. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

42. Defendant violated California Civil Code §§ 1788.17 by violating 15 U.S.C. 1692e.

## COUNT EIGHT

### Violation of the Rosenthal Fair Debt Collection Practices Act

43. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

44. Defendant violated California Civil Code §§ 1788.17 by violating 15 U.S.C. 1692f.

## COUNT NINE

### Violations of the Telephone Consumer Protection Act

45. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

46. Defendant willingly and knowingly violated 47 U.S.C. § 227(b)(1)(A) on multiple and separate occasions by each time calling Plaintiff's cellular telephone using both an automatic telephone dialing system without Plaintiff's prior express consent.

## JURY DEMAND

47. Plaintiff demands a trial by jury.

## PRAYER FOR RELIEF

48. Plaintiff prays for the following relief:

    a. Judgment against Defendant for actual damages, statutory damages, and costs and reasonable attorney's fees pursuant to 15 U.S.C. §1692k.

    b. Judgment against Defendant for actual damages, statutory damages, and reasonable attorneys' fees and costs pursuant to California Civil Code § 1788.30(c).

    c. An order enjoining Defendant from placing further telephone calls to Plaintiff's cellular telephone number pursuant to 47 U.S.C. § 227(b)(3).

    d. Judgment against Defendant for statutory damages pursuant to 47 U.S.C. § 227(b)(3) for each and every call Defendant made in violation of the TCPA.

    e. For such other legal and/or equitable relief as the Court deems appropriate.

RESPECTFULLY SUBMITTED,

Hyslip & Taylor, LLC, LPA


By:   s/ Art Matthews
One of Plaintiff's Attorneys

*Of Counsel*
Art Matthews, Esq.
1801 Century Park East, 24th Floor
Los Angeles, CA  90067
Phone: 310-556-9620
Email: aem@matthewsfirm.net